Bartlett, C. J.
The single question presented in this case is whether the separate right of the plaintiff, Mary Walden, to the amount of the bequest from her mother’s estate, found on final settlement of the executor with the court to be in the hands of the executor, who was then her husband, became extinguished by the marital relation. It appears that James Walden, as the executor, of Nancy Telfer, deceased, settled the estate, at the'May term of the common pleas of Butler county, for the year 1849, and that, upon such settlement, there was found remaining in his hands as such executor the sum of one hundred and fifty-two dollars and *30 thirty-eight cents, which, by the order of distribution made.by the court, the executor was directed to pay to Mary Walden as the residuary legatee of the testator. And James Walden, although he lived till some time in the summer of 1853, never paid over, or set apart, or invested in any manner, for the separate use of his wife, this amount which became due to her under the order of distribution.
In the contemplation of the law, husband and wife, in many respects, constitute but one person, and all the rights and duties which were the wife’s at the period of the marriage, become the husband’s during the continuance of the marital relation. And while, by the common law, the husband becomes liable for the debts of the wife contracted previous to the marriage, and also liable for the support of the wife during coverture, the personal chattels of the wife, at the time of the marriage, or which come into her possession in her own right during the coverture, whether by gift, bequest, or otherwise, vest absolutely is the husband; also the wife’s choses in action, consisting of rights arising from contracts, and which must be asserted at law for the purpose of being reduced to possession, become the absolute property of the husband, if reduced to possession by him during the marriage. And according to Reeve on the law of the domestic relations, *page 60, chap. 4: “If personal property be given to the wife, as a legacy by will, or if given to her in any other manner, and there are no words indicative of the intention of the donor that it shall be to her separate use, such property belongs absolutely to the husband, and does not go as choses in action, which the wife owned at the time of her marriage.” And again, on page 86, chap. 7, of the same work: “ By the marriage, all debts due from husband to wife which may become due during the coverture, are annulled. These, like all other choses, are at the disposal of the husband; and by the marriage they are reduced to such possession of the husband as they are capable of.” In accordance with this doctrine, the Supreme Court of Massachusetts, in deciding the case of Pierce v. Thompson, 17 Pick. 393, said: “Thompson was indebted to Tinkham, his wife’s father, on several notes; Tinkham by his will bequeathed this debt to the wife and died, leaving property more than sufficient to pay all his debts. By this bequest, the property vested presently in the husband (Commonwealth v. Manley, 12 Pick. 173), and therefore was the same in legal effect as if the bequest had been in terms to the husband. Such a bequest by the creditor to the debtor, if there are *31 assets without it for payment of debts, is an extinguishment. Hobart v. Stone.”
The application of this view of the law to the case before us removes all ground for controversy. When James Walden settled the estate of Nancy Telfer, and distribution of the assets remaining in his hands was ordered to be made to the legatees under the will, he became indebted and obligated in his individual capacity to pay to the several distributees the amount coming to each, upon such ground as would lay the foundation for an action for money had and received. Mary Walden, as residuary legatee, being one of the distributees, and the wife of James Walden, the executor, who failed to pay over, or set apart and invest for her separate use, the money coming to her, the' right of the wife became extinguished by the operation of the marital relation.
It is claimed by the plaintiff in error that James Walden was in possession in the character of trustee, and not of husband, and that such possession would not extinguish the right of the wife *to the property, if she survive the husband. It is very true, that the husband may have the possession or control of the separate property ■of the wile, for certain purposes, in a fiduciary capacity, so as to clearly show that he does not hold it as his individual property. The cases of Baker v. Hall, 12 Ves. 497, and Wall v. Tomlinson, 16 Ves. 413, are to this effect.
In the first case, Hall was the executor and trustee of the will of Wright, and while such executor and trustee, he married one of the residuary devisees, and afterward died, leaving her surviving him; she died subsequently, leaving. a daughter. The question was, whether the possession by Hall of the real and personal estate of the testator, as only acting executor and trustee, under the will, and disposing of part, had sufficiently reduced into possession his wife’s share, so as to give him an absolute title, transmissible to his personal representatives. The master of the rolls said : “ The husband must be considered to have entered into possession only as trustee and executor of the will, and not as husband, and therefore his wife’s share of the residue could not be sufficiently reduced into possession, so as to prevent its surviving to her upon her decease, and of course going upon her death to her representative.”
In the case of Wall v. Tomlinson, the stock of the wife was transferred into the joint names of the husband and defendant, Tomlin-son, upon an agreement that there should be a further transfer of *32 it to the trustees in trust for the separate use of the wife for life and if there should be no children, then to survivor of husband and! wife absolutely. No settlement was made, and the wife having survived, and afterward died, arid there being no children living, the question arose between the executors of the husband and the legatees of the wife. And the master of the rolls said: “ That the transfer of the stock to the husband, merely as a trustee, could not be represented as a reduction into possession, that would entitle his representatives.”
In these cases, the person received and hold the possession distinctly and clearly as trustees, for the benefit and use of others, and died before the duties of the trust were fully discharged, *andi before any became liable individually to pay it over to the beneficiaries of the trust.
The Supreme Court of Pennsylvania held, in the case of Ellis v. Baldwin, 2 Watts. & Serg. 253, that “if an administrator de bonis non with the will annexed, whose wife is a legatee in the will, receive assets of the estate sufficient to pay the legacies, and die without settling any account of the administration, leaving his wife surviving Mm, it is such a reducing to the possession of the choses in action of the wife as will preclude a recovery by her after his death.” And the judge in the decision of the case said: “And had he retained it in his possession, without using it, until Ms death, or had he put it out on interest expressly for the use of his wife, I would not say but her right to receive the money in such case would survive. But the money was not retained by the husband in the present case, nor put out by him to interest for the use of his wife; nor anything of the sort done by him, from which it is possible to infer that he did not intend to bar her thereafter from asserting her right to it by survivorship. On the contrary, he appropriated the whole of the money to his own use ; and, in truth, used and treated it as his own in every respect.”
And the more recent case of G-ochenaur’s estate, decided by the Supreme Court of Pennsylvania, reported in 3 Amer. Law Reg. 486, is not in principle inconsistent with the case of Ellis v. Baldwin, for it is expressly placed upon the ground that the husband, by express language, declared his intention to hold the money in his fiduciary capacity for the benefit of his wife.
It is also insisted on the part of the plaintiff in error, that her right of recovery was sustained by the cases of Huber v. Huber, *33 10 Ohio, 371, and Wood v. Warden, Adm’r, 20 Ohio, 518. But these cases go no further than to show that the husband may set apart property for the wife’s separate use; and that where a post-nuptial agreement is made between husband and wife, by which property is set apart for her separate use, the agreement, athough void in law, will be sustained in equity, where the rights of creditors do not interfere.
None of these cases referred to, on the part of the plaintiff in terror, are analogous to the ease before us. Here the exeeutor had made final settlement of the estate, and was ordered to distribute the assets, and, therefore, had no right to retain longer the-funds in his hands coming to his wife, in his fiduciary capacity. And his retaining the money in his hands until his death, some four years after the order of distribution, was an extinguishment of the-wife’s contingent right by survivorship.

Judgment of the district court affirmed.

Swan, Brinkerhorr, Bowén, and Scott, JJ., concurred.